IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA          :

                                                 :

        -v-

                                                 :

JOSEPH E. HACKROTT,
                                             :   06-CR- 6116T
        Defendant.
                                             :
_____


**PLEA AGREEMENT**

The defendant, JOSEPH E. HACKROTT, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to waive indictment and to plead guilty to a two count Information charging: in Count 1, a violation of Title 18, United States Code, Section 2252A(a)(2) (knowingly receiving child pornography), which carries a mandatory minimum sentence of a term of 5 years in prison and a maximum possible sentence of a term of imprisonment of 20 years, a fine of $250,000 or both, a mandatory $100 special assessment and a term of supervised release of up to life; and in Count 2, a violation of Title 18, United States Code, Section 2422(b)(using an interstate facility to entice a minor to engage in illegal

sexual activity), which carries a mandatory minimum sentence of a term of 5 years in prison and a maximum possible sentence of a term of imprisonment of 30 years, a fine of $250,000 or both, a mandatory $100 special assessment and a term of supervised release of up to life.

The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.  The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximums set forth in Paragraph 1 of this agreement.

## II.  **SENTENCING GUIDELINES**

3.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### ELEMENTS OF THE CRIME

4.  The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement regarding 18 U.S.C. §2252A(a)(2) and understands that if this case proceeded to trial, the government would, under Count 1, be required to prove beyond a reasonable doubt the following elements of the crime:

>   (a)  That the defendant knowingly received any child pornography;
>
>   (b)  That such item or items of child pornography had been transported in interstate or foreign commerce, including by computer; and
>
>   (c)  That at the time of such reception the defendant believed that what he received constituted child pornography.

5.      The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement regarding 18 U.S.C. §2422(b) and understands that if this case proceeded to trial, the government would, under Count 2, be required to prove beyond a reasonable doubt the following elements of the crime:

>    (a) that the defendant knowingly used a computer to attempt to persuade, induce or entice an individual under the age of eighteen (18) to engage in sexual activity;
>
>    (b) that the defendant believed that such individual was less than eighteen (18) years of age;
>
>    (c) that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of the State of New York; and
>
>    (d) that the defendant acted knowingly and willfully.

**FACTUAL BASIS**

6.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

**18 U.S.C. §2252A(a)(2)**

>    a) In or about July 2005, the defendant possessed more than 600 images of child pornography on a computer and CD Roms he owned. Prior to July 2005, he had received these images over the internet using a computer.

b) Some of the child pornography images depicted prepubescent minors or minors under twelve years old.

c) Some of the child pornography images portrayed sadistic or masochistic conduct or other depictions of violence.

d) He had also distributed child pornography images in return for additional images.

## 18 U.S.C. §2422(b)

a)  Between in or about June 2005 and July 2005, the defendant engaged in internet chats with a individual he believed to be a thirteen year old female who was residing in the Rochester, New York area in the Western District of New York.

b)  During the internet chats, the defendant had sexually explicit conversations with the thirteen year old female. Specially, during these chats, the defendant discussed with the minor the sexual conduct in which the defendant intended to engage in the future.

c)  The sexual activity in which the defendant intended to engage in with the minor was conduct in which the defendant could have been charged with a criminal offense under the laws of the State of New York.

d)  The defendant used the internet to entice the minor to have sexual activity with him.

## **BASE OFFENSE LEVEL**

7.  The government and the defendant agree that Guidelines § 2G2.2 applies to the offense of conviction regarding the receipt of child pornography, under Count 1, and provides for a base offense level of 22.

8.  The government and the defendant agree that Guidelines § 2G1.3 applies to the offense of conviction regarding the use of the internet to entice a minor, under Count 2, and provides for a base offense level of 24.

## **SPECIFIC OFFENSE CHARACTERISTICS**
## **USSG CHAPTER 2 ADJUSTMENTS**

9.  The government and the defendant agree that the following specific offense characteristics do apply regarding he receipt of child pornography:

> (a) the two level increase pursuant to Guidelines § 2G2.2(b)(2) (material involved a prepubescent minor or a minor under the age of twelve years).
>
> (b) the five level increase pursuant to Guidelines § 2G2.2(b)(3)(B) (distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain).
>
> (c) the four level increase pursuant to Guidelines § 2G2.2(b)(4) (material portrayed sadistic or masochistic conduct or other depictions of violence).

>   (d) the two level increase pursuant to Guidelines § 2G2.2(b)(6) (use of a computer).
>
>   (e)  the five level increase pursuant to Guidelines § 2G2.2(b)(7)(D) (possession of more than 600 images).

10. The government and the defendant agree that the following specific offense characteristics do apply regarding the use of the internet to entice a minor:

>   (a) the two level increase pursuant to Guidelines § 2G1.3(b)(3) (use of a computer to persuade, induce, entice or coerce the minor to engage in prohibited sexual conduct).

## **ADJUSTED OFFENSE LEVEL**

11. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction, under Count 1, regarding the receipt of child pornography is 40.

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction, under Count 2, regarding the use of the internet to entice a minor is 26.

13. Based on Guidelines § 3D1.4, it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is 40.

**ACCEPTANCE OF RESPONSIBILITY**

14. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 37.

**CRIMINAL HISTORY CATEGORY**

15. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## **GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT**

16. It is the understanding of the government and the defendant that, with a total offense level of 37 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 210 to 262 months, a fine of $20,000 to $200,000, and a period of supervised release of up to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in Paragraph 1 of this agreement.

17. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a sentence of no more than 240 months imprisonment as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the defendant shall then be afforded the opportunity to withdraw the pleas of guilty. This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

18. The government and the defendant reserve the right to recommend a sentence outside the Sentencing Guidelines range set forth above. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

### III.   STATUTE OF LIMITATIONS

19. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the transportation and possession of child pornography, and the use of the internet to entice minors, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## IV. GOVERNMENT RIGHTS AND RESERVATIONS

20. The defendant understands that the government has reserved the right to:

>   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;
>
>   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;
>
>   c. advocate for a specific sentence;
>
>   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor;
>
>   e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

21. At sentencing, the government will move to dismiss the complaint pending against the defendant under Magistrate's No. 06-M-526.

22.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## V.     APPEAL RIGHTS

23.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II above, notwithstanding the manner in which the Court determines the sentence.

24.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a

decrease in the defendant's sentence.

25. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI.   TOTAL AGREEMENT AND AFFIRMATIONS

26. This plea agreement represents the total agreement between the defendant, JOSEPH E. HACKROTT, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government

and the defendant.

>                    TERRANCE P. FYLNN
>                    United States Attorney
>                    Western District of New York
>
> BY:                /s/ Richard A. Resnick
>                    ─────────────────────────────
>                    RICHARD A. RESNICK
>                    Assistant U. S. Attorney
>
>                    Dated: June 23, 2006

I have read this agreement, which consists of 14 pages. I have had a full opportunity to discuss this agreement with my attorney, Elizabeth J. Switzer, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

>                    /s/ Joseph E. Hackrott
>                    ─────────────────────────────
>                    JOSEPH E. HACKROTT
>                    Defendant
>
>                    Dated: June 23, 2006
>
>                    /s/ Elizabeth J. Switzer
>                    ─────────────────────────────
>                    ELIZABETH J. SWITZER, Esq.
>                    Attorney for the Defendant
>
>                    Dated: June 23, 2006